UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:18-CR-140 |
| v. | ) | Judge Greer |
| | ) | |
| SYNERGY PHARMACY SERVICES INC. | ) | |

**PLEA AGREEMENT**

The United States of America, by the Acting United States Attorney for the Eastern

District of Tennessee ("USATNE"), the United States Department of Justice, Consumer

Protection Branch ("USDOJ-CPB"), the defendant, SYNERGY PHARMACY SERVICES INC.,

and the defendant's attorney, Morris Dewey Purcell, Jr., Esq, have agreed upon the following:

1.       The defendant will plead guilty to the following count of the First Superseding

Indictment:

(a)       Count One – Conspiracy to Commit Health Care Fraud: The defendant

knowingly, intentionally, and unlawfully did combine, conspire, confederate, and agree with

others to execute and attempt to execute a scheme and artifice to defraud health care benefit

programs and to obtain, by means of false and fraudulent pretenses, representations, and

promises, any of the money and property owned by, or under the custody or control of, any

health care benefit program, in connection with the delivery of or payment for health care

benefits, items, or services, in violation of 18 U.S.C. § 1347, all in violation of 18 U.S.C. § 1349.

The maximum punishment for this offense is ten (10) years' probation, a fine not to exceed

$500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
) No. 2:18-CR-140
v. ) Judge Greer
)
SYNERGY PHARMACY SERVICES INC. )

**PLEA AGREEMENT**

The United States of America, by the Acting United States Attorney for the Eastern

District of Tennessee ("USATNE"), the United States Department of Justice, Consumer

Protection Branch ("USDOJ-CPB"), the defendant, SYNERGY PHARMACY SERVICES INC.,

and the defendant's attorney, Morris Dewey Purcell, Jr., Esq., have agreed upon the following:

 1. The defendant will plead guilty to the following count of the First Superseding

Indictment:

  (a) Count One – Conspiracy to Commit Health Care Fraud: The defendant

knowingly, intentionally, and unlawfully did combine, conspire, confederate, and agree with

others to execute and attempt to execute a scheme and artifice to defraud health care benefit

programs and to obtain, by means of false and fraudulent pretenses, representations, and

promises, any of the money and property owned by, or under the custody or control of, any

health care benefit program, in connection with the delivery of or payment for health care

benefits, items, or services, in violation of 18 U.S.C. § 1347, all in violation of 18 U.S.C. § 1349.

The maximum punishment for this offense is ten (10) years' probation, a fine not to exceed

$500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest

Initials of Duly Authorized
Representatives of the Defendant \_\_\_\_\_ & 𝒦

(*see* 18 U.S.C. § 3571(c), (d)), and a $400 special assessment (*see* 18 U.S.C. § 3013(a)(2)(B)), and restitution as appropriate.

2.     In consideration of the defendant's guilty plea, USATNE and USDOJ-CPB agree to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in the First Superseding Indictment.

(a)     USATNE further agrees not to prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the defendant that are related to the charges contained in the First Superseding Indictment in this case and that are known to USATNE at the time this plea agreement is signed.

(b)     USDOJ-CPB further agrees not to prosecute the defendant in any district in the United States for any other non-tax criminal offenses committed by the defendant that are related to the charges contained in the First Superseding Indictment in this case and that are known to USDOJ-CPB at the time this plea agreement is signed.

3.     The defendant has read the First Superseding Indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged.

4.     In support of the defendant's guilty plea, USATNE, USDOJ-CPB, and the defendant agree and stipulate to the following facts, which satisfy the elements of the offense. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. The defendant, USATNE, and USDOJ-CPB retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case. The following facts are known either 1) because of personal knowledge of the co-conspirators participation in the described events on behalf of the defendant or 2) known after thorough review of available discovery.

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

(*see* 18 U.S.C. § 3571(e), (d)), and a $400 special assessment (*see* 18 U.S.C. § 3013(a)(2)(B)), and restitution as appropriate.

2.      In consideration of the defendant's guilty plea, USATNE and USDOJ-CPB agree to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in the First Superseding Indictment.

(a)      USATNE further agrees not to prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the defendant that are related to the charges contained in the First Superseding Indictment in this case and that are known to USATNE at the time this plea agreement is signed.

(b)      USDOJ-CPB further agrees not to prosecute the defendant in any district in the United States for any other non-tax criminal offenses committed by the defendant that are related to the charges contained in the First Superseding Indictment in this case and that are known to USDOJ-CPB at the time this plea agreement is signed.

3.      The defendant has read the First Superseding Indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged.

4.      In support of the defendant's guilty plea, USATNE, USDOJ-CPB, and the defendant agree and stipulate to the following facts, which satisfy the elements of the offense. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. The defendant, USATNE, and USDOJ-CPB retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case. The following facts are known either 1) because of personal knowledge of the co-conspirators participation in the described events on behalf of the defendant or 2) known after thorough review of available discovery.

Page 2 of 12

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

(a)     From on or about May 26, 2015 through on or about April 1, 2018, the defendant knowingly and willfully combined, conspired, and agreed with Peter Bolos, Maikel Bolos, Andrew Assad, Michael Palso, Precision Pharmacy Management ("Precision"), Scott Roix, HealthRight LLC ("HealthRight"), and others to deceive thousands of patients located in the Eastern District of Tennessee and elsewhere for the purpose of executing a scheme and artifice to defraud health care benefit programs, and obtained by means of false and fraudulent pretenses, representations, and promises millions of dollars owned by or under the custody or control of health care benefit programs (as defined in 18 U.S.C. § 24(b)), in connection with the delivery of and payment for health care benefits, items or services.

5.     The defendant is pleading guilty because the defendant is in fact guilty.  The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

(a)     the right to plead not guilty;

(b)     the right to a speedy and public trial by jury;

(c)     the right to assistance of counsel at trial;

(d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

(e)     the right to confront and cross-examine witnesses against the defendant;

(f)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

(g)     the right not to testify and to have that choice not used against the defendant.

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

(a)     From on or about May 26, 2015 through on or about April 1, 2018, the defendant knowingly and willfully combined, conspired, and agreed with Peter Bolos, Maikel Bolos, Andrew Assad, Michael Palso, Precision Pharmacy Management ("Precision"), Scott Roix, HealthRight LLC ("HealthRight"), and others to deceive thousands of patients located in the Eastern District of Tennessee and elsewhere for the purpose of executing a scheme and artifice to defraud health care benefit programs, and obtained by means of false and fraudulent pretenses, representations, and promises millions of dollars owned by or under the custody or control of health care benefit programs (as defined in 18 U.S.C. § 24(b)), in connection with the delivery of and payment for health care benefits, items or services.

5.     The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

(a)     the right to plead not guilty;

(b)     the right to a speedy and public trial by jury;

(c)     the right to assistance of counsel at trial;

(d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

(e)     the right to confront and cross-examine witnesses against the defendant;

(f)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

(g)     the right not to testify and to have that choice not used against the defendant.

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

(a) The Court may impose any lawful term of probation and any lawful fine up to the statutory maximum. Pursuant to Rule 11(c)(1)(B), and in consideration of the terms of this plea agreement (and taking into account the provisions of 18 U.S.C. § 3571(c) and (d)) and the policy statement set forth in U.S.S.G. § 6B1.2(b) and related commentary, USATNE, USDOJ-CPB, and the defendant agree and stipulate, and agree to recommend at the time of sentencing, that any fine imposed by the Court not exceed $500,000.

(b) The Court will impose special assessment fees as required by law.

(c) No promises have been made by any representative of USATNE or USDOJ-CPB to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this agreement or withdraw the defendant's guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, USATNE and USDOJ-CPB will not oppose a two-level reduction for acceptance of responsibility under the provisions of § 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or

Page 4 of 12

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

(a) The Court may impose any lawful term of probation and any lawful fine up to the statutory maximum. Pursuant to Rule 11(c)(1)(B). and in consideration of the terms of this plea agreement (and taking into account the provisions of 18 U.S.C. § 3571(c) and (d)) and the policy statement set forth in U.S.S.G. § 6B1.2(b) and related commentary. USATNE. USDOJ-CPB. and the defendant agree and stipulate. and agree to recommend at the time of sentencing. that any fine imposed by the Court not exceed $500,000.

(b) The Court will impose special assessment fees as required by law.

(c) No promises have been made by any representative of USATNE or USDOJ-CPB to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court. and may not be used as a basis to rescind this agreement or withdraw the defendant's guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct. the defendant's criminal history. and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty. USATNE and USDOJ-CPB will not oppose a two-level reduction for acceptance of responsibility under the provisions of § 3E1.1(a) of the Sentencing Guidelines. Further. if the defendant's offense level is 16 or

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

greater, and the defendant is awarded the two-level reduction pursuant to § 3E1.1(a), USATNE and USDOJ-CPB, at or before the time of sentencing, agree to move the Court to decrease the offense level by one additional level pursuant to § 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense, including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, USATNE and USDOJ-CPB will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines.

8.      The defendant agrees to pay the special assessment in this case prior to sentencing.

9.      The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offense.

10.      The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other

Initials of Duly Authorized
Representatives of the Defendant ___ & ___

greater, and the defendant is awarded the two-level reduction pursuant to § 3E1.1(a). USATNE and USDOJ-CPB, at or before the time of sentencing, agree to move the Court to decrease the offense level by one additional level pursuant to § 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense, including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, USATNE and USDOJ-CPB will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines.

8.     The defendant agrees to pay the special assessment in this case prior to sentencing.

9.     The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offense.

10.     The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

        (a)    If so requested by USATNE or USDOJ-CPB, the defendant will promptly submit a completed financial statement to the United States, in a form it or they provide and as it or they direct. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

        (b)    The defendant expressly authorizes USATNE or USDOJ-CPB to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

        (c)    If so requested by USATNE or USDOJ-CPB, the defendant will promptly execute authorizations on forms provided by USATNE or USDOJ-CPB to permit USATNE or USDOJ-CPB to obtain financial and tax records of the defendant.

        11.    The defendant understands that if the defendant holds any regulatory licenses or permits, or is contracted with any federal, state, or local governmental entity, the conviction in this case may result in the suspension or revocation of those licenses and permits or the termination of those contracts. The defendant understands that the defendant may not use

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by USATNE or USDOJ-CPB, the defendant will promptly submit a completed financial statement to the United States, in a form it or they provide and as it or they direct. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes USATNE or USDOJ-CPB to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by USATNE or USDOJ-CPB, the defendant will promptly execute authorizations on forms provided by USATNE or USDOJ-CPB to permit USATNE or USDOJ-CPB to obtain financial and tax records of the defendant.

11. The defendant understands that if the defendant holds any regulatory licenses or permits, or is contracted with any federal, state, or local governmental entity, the conviction in this case may result in the suspension or revocation of those licenses and permits or the termination of those contracts. The defendant understands that the defendant may not use

Page 6 of 12

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

anticipated or unanticipated collateral consequences such as those described in this paragraph as a basis for withdrawing the defendant's guilty plea.

12.     The defendant agrees that, effective upon the entry of this Plea Agreement, it shall not engage in the dispensing of any drugs for the duration of any term of probation imposed by the Court in this matter.

13.     This agreement binds the defendant, any successor entities, parent companies to the extent they assume the liabilities contained herein and any other person or entity that assumes the liabilities contained herein ("successors-in-interest"). The defendant, or its successors-in-interest, if applicable, shall provide USATNE and USDOJ-CPB with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action affecting the defendant's ability to pay any fine ordered by the Court or affecting this agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the defendant's responsibilities under this agreement. The defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement. If such transaction or series of transactions has the effect of circumventing or frustrating the purposes of this agreement, as determined in the sole discretion of USATNE or USDOJ-CPB, it shall be deemed a breach of this agreement.

14.     The defendant acknowledges that the principal benefits to USATNE and USDOJ-CPB of this agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by USATNE or USDOJ-CPB in this agreement and as a demonstration of the defendant's acceptance of

Page 7 of 12

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

anticipated or unanticipated collateral consequences such as those described in this paragraph as a basis for withdrawing the defendant's guilty plea.

12.     The defendant agrees that, effective upon the entry of this Plea Agreement, it shall not engage in the dispensing of any drugs for the duration of any term of probation imposed by the Court in this matter.

13.     This agreement binds the defendant, any successor entities, parent companies to the extent they assume the liabilities contained herein and any other person or entity that assumes the liabilities contained herein ("successors-in-interest"). The defendant, or its successors-in-interest, if applicable, shall provide USATNE and USDOJ-CPB with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action affecting the defendant's ability to pay any fine ordered by the Court or affecting this agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the defendant's responsibilities under this agreement. The defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement. If such transaction or series of transactions has the effect of circumventing or frustrating the purposes of this agreement, as determined in the sole discretion of USATNE or USDOJ-CPB, it shall be deemed a breach of this agreement.

14.     The defendant acknowledges that the principal benefits to USATNE and USDOJ-CPB of this agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by USATNE or USDOJ-CPB in this agreement and as a demonstration of the defendant's acceptance of

Initials of Duly Authorized
Representatives of the Defendant _____ & _A_

responsibility for the offense committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

(a) The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

(b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

(c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. The defendant's signature on this plea agreement constitutes the defendant's admission that the facts contained herein are true and accurate. If USATNE or USDOJ-CPB violate the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including, without limitation, by failing to enter a guilty plea as agreed

Page 8 of 12

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

responsibility for the offense committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

      (a)    The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

      (b)    The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

      (c)    The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15.    This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. The defendant's signature on this plea agreement constitutes the defendant's admission that the facts contained herein are true and accurate. If USATNE or USDOJ-CPB violate the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including, without limitation, by failing to enter a guilty plea as agreed

Initials of Duly Authorized
Representatives of the Defendant   \_\_\_\_\_ & _ℳ_

herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state, or federal law pending the resolution of this case), then USATNE or USDOJ-CPB will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, USATNE or USDOJ-CPB may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges that USATNE or USDOJ-CPB agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to prosecution for the conduct contemplated by this agreement. The defendant also understands and agrees that a violation of this agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

16. USATNE and USDOJ-CPB will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

17. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and USATNE and USDOJ-CPB. The parties understand and agree that the terms of this agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

* * * * *

Page 9 of 12

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state, or federal law pending the resolution of this case), then USATNE or USDOJ-CPB will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, USATNE or USDOJ-CPB may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges that USATNE or USDOJ-CPB agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to prosecution for the conduct contemplated by this agreement. The defendant also understands and agrees that a violation of this agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

16.     USATNE and USDOJ-CPB will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

17.     This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and USATNE and USDOJ-CPB. The parties understand and agree that the terms of this agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

*  *  *  *  *

Initials of Duly Authorized
Representatives of the Defendant _____ & _____

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

**For USATNE:**

By: _____

Timothy C. Harker
Assistant United States Attorney

By: _____

Mac D. Heavener, III
Assistant United States Attorney

**For USDOJ-CPB:**

_____

David L. Gunn
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch

**For the Defendant:**

_____

Andrew Assad
Duly Authorized Representative of the
defendant Synergy Pharmacy Services Inc.

_____

Michael Palso
Duly Authorized Representative of the
defendant Synergy Pharmacy Services Inc.

_____

Morris Dewey Purcell, Jr.
Attorney for the Defendant

11/2/2021
Date

11/2/2021
Date

11/02/2021
Date

September 20, 2021
Date

_____
Date

9-27-21
Date

Signature Page to Synergy Pharmacy Services Inc. Plea Agreement

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

**For USATNE:**

By: _____
Date _____                Timothy C. Harker
                                              Assistant United States Attorney

By: _____
Date _____                Mac D. Heavener, III
                                              Assistant United States Attorney

**For USDOJ-CPB:**

_____
Date _____                David L. Gunn
                                              Trial Attorney
                                              U.S. Department of Justice
                                              Consumer Protection Branch

**For the Defendant:**

_____
Date _____                Andrew Assad
                                              Duly Authorized Representative of the
                                              defendant Synergy Pharmacy Services Inc.

9-20-21
Date _____                Michael Palso
                                              Duly Authorized Representative of the
                                              defendant Synergy Pharmacy Services Inc.

9-27-21
Date _____                Morris Dewey Purcell, Jr.
                                              Attorney for the Defendant

Signature Page to Synergy Pharmacy Services Inc. Plea Agreement

## Certification of the Defendant

I have been duly authorized according to the bylaws and relevant organizational documents of the defendant Synergy Pharmacy Services Inc. ("the defendant") to enter into this agreement on behalf of the defendant. I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my counsel. I understand the terms of this agreement, and I voluntarily agree to those terms on behalf of the defendant. I have discussed the evidence with my attorney, and my attorney has advised me of defendant's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me or to the defendant other than those contained in this agreement. No one has threatened or forced me or the defendant in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty on behalf of the defendant because the defendant is guilty of the charge and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____
Andrew Assad
Date: September 20, 2021

A duly authorized representative of the
defendant Synergy Pharmacy Services Inc.

## Certification of the Defendant

I have been duly authorized according to the bylaws and relevant organizational documents of the defendant Synergy Pharmacy Services Inc. ("the defendant") to enter into this agreement on behalf of the defendant. I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my counsel. I understand the terms of this agreement, and I voluntarily agree to those terms on behalf of the defendant. I have discussed the evidence with my attorney, and my attorney has advised me of defendant's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me or to the defendant other than those contained in this agreement. No one has threatened or forced me or the defendant in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty on behalf of the defendant because the defendant is guilty of the charge and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____

Michael Palso
Date: 9-20-21

A duly authorized representative of the
defendant Synergy Pharmacy Services Inc.